**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5385-16T4

AGOSTINO & ASSOCIATES, PC,

     Plaintiff-Respondent,

v.

ROONEY SAHAI,

     Defendant-Appellant.

_____

          Submitted November 26, 2018 – Decided  December 31, 2018

          Before Judges Haas and Mitterhoff.

          On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-010104-15.

          Rooney Sahai, appellant pro se.

          Agostino & Associates, PC, respondent pro se (Edward N. Mazlish, on the brief).

PER CURIAM

Defendant Rooney Sahai appeals from the Law Division's July 28, 2017 order denying his motion to vacate a final judgment by default in favor of Agostino & Associates, P.C. We affirm.

On April 22, 2015, defendant entered into a legal service agreement with plaintiff for representation in a tax matter. On November 20, 2015, plaintiff filed a complaint alleging that defendant failed to make payments pursuant to the agreement and owed $19,083.65 in fees. After plaintiff failed to respond to the summons and complaint, defendant obtained an entry of default on March 14, 2016. Plaintiff then filed a motion for final judgment by default on May 19, 2016. While this motion for final judgment by default was pending, defendant retained counsel and filed a motion on June 7, 2016 to vacate the entry of default and any final judgment that might be entered by the court.

On June 24, 2016, the trial court entered a final judgment by default. However, on July 8, 2016, the trial court granted defendant's motion to vacate the entry of default and judgment by default. Thereafter, defendant filed an answer and counterclaim on July 25, 2016. Plaintiff filed an answer to the counterclaim on September 7, 2016.

On November 18, 2016, plaintiff served a notice of deposition on defendant, scheduling the deposition of defendant for December 7, 2016.

2

Defendant requested that the deposition be rescheduled for December 6, 2017, and plaintiff sent another notice to defendant confirming this new date.

On November 28, 2016, defendant cancelled the rescheduled date for his deposition. Thereafter, plaintiff sent two correspondences to defendant's counsel seeking to reschedule the depositions. Defendant did not respond to these requests, and instead served three deposition notices on plaintiff for dates selected unilaterally by plaintiff.

On December 8, 2016, plaintiff filed a motion to compel defendant's deposition on a date certain or to have defendant's pleadings stricken. The trial court granted this motion, unopposed by defendant, on January 20, 2017. The trial ordered defendant to appear for a deposition on February 3, 2017. The trial court also ordered that if defendant did not appear for the deposition on this date, his answer would be stricken and default would be entered by way of order submitted with a certification of noncompliance.

On February 2, 2017, counsel for defendant informed plaintiff that defendant would not be appearing for the deposition on February 3, 2017 because he was out of town. After defendant failed to appear for the deposition on February 3, 2017, plaintiff filed a certification of non-compliance on February 3, 2017 and a proposed order striking defendant's pleadings on

February 21, 2017. Defendant did not file objections to the proposed order, and the trial court issued an order directing the clerk to enter default against defendant on March 1, 2017. Plaintiff then filed a motion for final judgment by default on March 7, 2017. On April 25, 2017, the trial court granted plaintiff's motion, unopposed by defendant, and entered a final judgment by default.

On May 26, 2017, defendant filed a motion vacate the judgment by default pursuant to Rule 4:43-3 and Rule 4:50-1(a) and (c). The trial court denied the motion by order dated June 28, 2017, attaching a rider to the order setting forth its reasoning. The trial court found that plaintiff had properly noticed defendant of all motions throughout the case and that "whether it be strategic or coincidental, defendant is responsive via motion only when default judgment has been entered." In this regard, the court found that defendant's failure to comply with its January 20, 2017 order was "willful and deliberate." The court concluded that there was no basis to vacate the default judgment under Rule 4:50-1(a) or (c).

On appeal, defendant contends that the trial court abused its discretion in refusing to vacate the final judgment by default. He alleges that plaintiff never did any real work for him in the tax litigation, has improperly served him in this action, and made misrepresentations in various certifications throughout this

case. Having reviewed the record and applicable legal principles, we affirm for substantially the sound reasons expressed by Judge Robert L. Polifroni in the rider to the June 28, 2017 order. We add only the following comments.

The trial court properly evaluated defendant's motion to vacate the default judgment under Rule 4:50-1 rather than Rule 4:43-3 because the case had proceeded to judgment. See US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 466-67 (2012). In general, "[t]he trial court's determination under [Rule 4:50-1] warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." Id. at 467. To obtain relief from a default judgment under Rule 4:50-1(a), a party must show "[e]xcusable neglect . . . attributable to an honest mistake that is compatible with due diligence or reasonable prudence." Id. at 468 (quotation omitted). To obtain relief under Rule 4:50-1(c), a party must show "fraud . . . , misrepresentation, or other misconduct of an adverse party." R. 4:50-1(c). Additionally, "the showing of a meritorious defense is a traditional element necessary for setting aside . . . a default judgment." Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:43-3 (2019); see also Guillaume, 209 N.J. at 469 (requiring meritorious defense for relief under Rule 4:50-1(a) so that "[t]he time of the courts, counsel and litigants [is] not . . . taken up by . . . a futile proceeding" (quotation omitted)).

In this case, it was within the trial court's discretion to strike defendant's answer for his failure to comply with the January 20, 2017 order and to appear at the deposition on February 3, 2017. See R. 4:23-2(b)(3) ("If a party . . . fails to obey an order to provide or permit discovery, including an order made under R. 4:23-1, the court . . . may make such orders in regard to the failure as are just, [including] . . . [a]n order striking out pleadings or parts thereof[.]"); R. 4:23-4 ("If a party . . . fails to appear before the officer within this State who is to take his deposition, after being served with a proper notice, the court . . . on motion may make such orders in regard to the failure as are just, [including] any action authorized under paragraphs (1), (2) and (3) of R. 4:23-2(b)."). Additionally, we agree with the trial court that defendant has not demonstrated excusable neglect, fraud by plaintiff, or a meritorious defense to warrant relief under Rule 4:50-1(a) or (c).

For these reasons, the trial court did not abuse its discretion in refusing to vacate the final judgment by default. The remaining arguments raised by defendant are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5385-16T4